GEORGE E. McDONALD, Respondent, v. ALMENA P. McDONALD, Appellant.

**Kansas City Court of Appeals, January 8, 1906.**

**TRIAL PRACTICE: Continuance: Setting Aside.** An order setting aside a prior continuance and setting the case down for trial four days thereafter, is held, under the circumstances, erroneous and oppressive.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman*, Judge.

REVERSED AND REMANDED.

*Montgomery & Montgomery* and *Porterfield & Conrad* for appellant.

(1) The action of the trial court in setting aside an order of continuance and in refusing further continuances is reviewable. McLane v. Harris, 1 Mo. 701; Darne v. Broadwater, 9 Mo. 19; Tunstall v. Hamilton, 8 Mo. 500; Rotman Distl. Co. v. VanFrank, 88 Mo. App. 50; Alt. v. Grosclose, 61 Mo. App. 409; Campbell v. McCaskill, 88 Mo. App. 44. (2) The trial court should not set aside order continuing a cause except for urgent reasons. Marsh v. Morse, 18 Mo. 477; Taff v. Westerman, 39 Mo. 414; McKay v. State, 12 Mo. 492; 9 Cyc. of Law and Procedure, page 150; Saunders v. Coffin, 16 Ala. 422; Gray v. Ulrich, 8 Kas. 121; McKee v. Ludwig, 30 Ills. 28; Mattoon v. Hinkley, 33 Ills. 208; Tunstall v. Barbour, Harding 208; Ogden v. Wilson, 18 La. Ann. 596; Crouch v. Mulinix, 48 Tenn. 478. (3) Upon application being made to set aside an order continuing a cause the same should not be heard except upon due notice to the opposite party and in case such order is set aside ample time should be granted to said opposite party before being compelled to go into trial. McKee

v. Ludwig 30 Ills. 28; Gray v. Ulrich, 8 Kas. 121; Mattoon v. Hinkley, 33 Ills. 208; Marsh v. Morse, 18 Mo. 477; 9 Cyc. of Law and Procedure, page 151. (4) The State is an interested party to a divorce suit and the aim of the court should be to afford the fullest possible hearing thereof. McBain v. McBain, 77 Calif. 509; Wadsworth v. Wadsworth, 81 Calif. 182; Hoover v. Hoover (Nebr.), 97 N. W. 620; 14 Cyc. of Law and Procedure, page 577 and cases cited.

*Charles E. Morrow, W. D. Steele, George F. Longan* and *C. C. Kelly* for respondent.

(1) The trial court has control of its orders and judgments during the term at which they are rendered and may vacate them in its discretion. Orvis v. Elliott, 65 Mo. App. 99; Scott v. Smith, 133 Mo. 622; Head v. Randolph, 83 Mo. App. 287. The court has the right to set aside an order continuing a cause during the term at which the order was made. Marsh v. Morse, 18 Mo. 478; Harkness v. Jarvis, 182 Mo. 235; Head v. Randolph, 83 Mo. App. 287. (2) A judgment or order procured by fraud is void. Edgell v. Sigerson, 20 Mo. 1. c. 497; Lewis v. McCabe, 76 Mo. 308; Mayberry v. McClurg, 51 Mo. 259; State v. Fleming, 158 Mo. 564. (3) Unavoidable absence of a party is no ground for a continuance. Owens v. Tinsley, 21 Mo. 425; Hurk v. St. Louis Exposition, 28 Mo. App. 631; Gerber v. McCoy, 23 Mo. App. 298; Distilling Co. v. Van Frank, 88 Mo. App. 52. (4) Every intendment is in favor of the ruling of the trial court in denying appellant's application for a continuance. King v. Pearce, 40 Mo. 223; Leabo v. Goode, 67 Mo. 126. There are no intendments of law in favor of applications for a continuance. State v. Howell, 117 Mo. 339. (5) Applications for continuance are always addressed to the sound discretion of the court and its action will not be disturbed unless its discretion has been abused. Frick Co. v. Marshall, 86 Mo. App. 470;

State v. Banks, 118 Mo. 123. (6) It is the proper practice to file counter affidavits in opposition to an application for a continuance. Riggs v. Fenton, 3 Mo. 28; State v. Bailey, 94 Mo. 313; State v. Dettmer, 124 Mo. 432; State v. McCoy, 111 Mo. 520; State v. Hilsabeck, 132 Mo. 356.

ELLISON, J.—The plaintiff instituted his action for divorce. The cause came on for hearing in the trial court at the May term, 1905. The defendant made application for a continuance, and on May 25th, the court continued the cause to September 26, 1905. On May 27th, the court set aside the continuance and set the case for hearing on June 1st. On the latter day, plaintiff was granted a divorce, the defendant not being present at the hearing. Defendant then appealed to this court.

Defendant was not present in court, being absent from the State, when the cause was continued at her instance, through her attorneys. The ground of continuance was inability of defendant to attend court, being detained in Illinois on account of sickness. It appears that immediately after the continuance plaintiff began an inquiry into the reality of her allegation that she was sick in Illinois and that he received answers by telegraph from persons in that State, which, if true, indicated strongly that defendant was not sick, at least so as to be disabled from attending court. Thereupon, on the 27th day of May, the trial court, after hearing these telegrams read, concluded that the continuance had not been obtained fairly or in good faith, and set it aside, and then immediately put the cause down for hearing on June 1st, being four days thereafter, counting an intervening Sunday. On June 1st, defendant, still being absent, made an application through her attorneys for a continuance, which the court overruled.

It appears that on May 27th, when the court set aside the continuance and set the case for June 1st, the

defendant's counsel did not then know her address in Illinois. That some of the witnesses in her behalf, important to her case, were not at Sedalia, the place where the cause was pending, but resided at distant places in the State.

The trial court erred in setting aside the continuance and setting the cause for hearing so soon thereafter. The charges, each of the litigants makes against the other, are of a very serious nature. Judging from the argument of counsel at the hearing of this appeal, there is much feeling in the controversy, which promises a full and complete investigation into the matrimonial affairs of the couple. Manifestly a time too short, the circumstances considered, was allowed the defendant for preparation for trial after her continuance was set aside.

As the cause will be heard on the merits, we refrain from any comment upon phases of the case pertaining to the merits, which appeared in the argument made by the respective counsel. And, in view of our conclusion, it is not necessary to notice the point made that the trial court erred in setting aside the continuance on a hearing of unsworn matter in the shape of telegrams from persons residing in another State. The judgment is reversed and the cause is remanded. All concur.